IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEE DOBISH, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV41 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RAIN AND HAIL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's motion seeking permission to issue a subpoena to a non-party arbitrator (Filing No. 19), with some evidence attached. The plaintiff filed a brief (Filing No. 21) and an index of evidence (Filing No. 20) in support of the motion. The defendant filed a brief (Filing No. 25) and an index of evidence (Filing No. 26) in opposition to the motion. The plaintiff did not file a reply.

## BACKGROUND

This case arises as an appeal of an arbitration decision regarding the defendant's denial of the plaintiff's insurance claim. **See** Filing No. 1 - Complaint. The plaintiff purchased farm crop insurance for the crop year 2007 from the defendant. *Id.* ¶ 4. The plaintiff alleges he raised corn grain crops on several farms insured by the defendant, however several of the crops sustained losses due to wind damage in the fall of 2007. *Id.* ¶ 5. The plaintiff submitted a loss claim, which the defendant investigated and denied. *Id.* ¶¶ 6-7. The defendant's denial, dated January 21, 2008, is based upon the defendant's determination that the plaintiff did not have an insurable interest in the subject damaged crop. *Id.* ¶ 7; **see** Filing No. 20-3 Jan. 21, 2008, Letter. Upon review, the defendant again denied the plaintiff's insurance claim stating, the plaintiff "did not prove the production loss to the satisfaction of Defendant 'through records that are acceptable to us and, consequently, the claim must be denied on that basis as well.'" **See** Filing No. 1 - Complaint ¶ 8 (**quoting** Filing No. 20-4 May 6, 2008, Letter). On January 21, 2009, the plaintiff filed a demand for arbitration of the claim dispute under the terms of the insurance

contract. **See** Filing No. 1 - Complaint ¶ 9. On June 4, 2010, an arbitrator, Richard A. Schwartzbeck, Ph.D., with the American Arbitration Association (AAA) issued an award determining the plaintiff was not entitled to any insurance indemnity on the crop claim. *Id.* ¶ 11; **see** Filing No. 20-5 Award of Arbitrator.

> The plaintiff alleges that during the arbitration proceeding:
>> Counsel for the Defendant withdrew its denial of Plaintiff's claim based on its previously asserted premise that the amount of crop loss suffered by the Plaintiff could not be determined and stated to the Arbitrator and Plaintiff that the Defendant accepted the amount of loss reported by Plaintiff and contained in the Claim Information and Deferral Form as to each of Plaintiff's farm parcels and would not be contesting that matter in the Arbitration. Said Counsel for the Defendant reiterated the stipulation that the amount of Plaintiff's loss was not in dispute during the arbitration when said counsel was cross-examining Plaintiff's witness Mark Dobish stating that the insurer was not contesting the amount of crop loss.

See Filing No. 1 - Complaint ¶ 12.

> By contrast, the plaintiff alleges that the arbitration award:
>> was premised in part on the Arbitrator finding that the amount of loss could not be determined, notwithstanding that such amounts were stipulated to by both parties and found in a complete and uncontested documentary report, the Claim Information and Deferral Form, filed with Defendant and entered into evidence at the arbitration.

See Filing No. 1 - Complaint ¶ 16.

Accordingly, the plaintiff argues the arbitrator's decision is contrary to law because the award was premised on a finding inconsistent with the parties' stipulation about the amount of loss. *Id.* On this basis, the plaintiff contends he was denied a fair and lawful hearing on his claim in violation of the Federal Arbitration Act. *Id.* Generally, the plaintiff argues he is entitled to have the arbitrator's award vacated under 9 U.S.C. § 10(a)(3) or (4) for the reasons that the "award was procured by . . . undue means", "there was evident partiality or corruption in the arbitrator[ ]", and/or the "arbitrator[ ] [was] guilty of . . . misbehavior by which the rights of [the plaintiff] have been prejudiced." *Id.* ¶ 19. More specifically, the plaintiff alleges the "Arbitrator initially erred when he failed to rely on the

crop loss data submitted by Plaintiff, *and admitted by Defendant*, and received in evidence by the Arbitrator finding that he could not determine the amount of loss suffered by Plaintiff." *Id.* ¶ 20 (emphasis added). By contrast, the defendant denies it entered into the stipulation suggested by the plaintiff and argues it "continued to maintain that production verification remained an issue in the arbitration." **See** Filing No. 7 - Answer ¶ 12.

The plaintiff seeks documents from the arbitrator as evidence supporting his contention that the defendant waived one of its defenses. **See** Filing No. 21 - Brief p. 1. In order to obtain the documents, on May 18, 2011, the plaintiff served notice of his intent to serve a subpoena for delivery of documents upon Dr. Schwartzbeck. **See** Filing No. 17 - Intent to Serve Rule 34(c) Subpoena. The plaintiff's proposed subpoena seeks:

> 1. Copies of all documents, notes, records or things of any nature you referred to, consulted or considered, including physical or hard copy documents and any form of electronically existing records, notes or memoranda, formal or informal, in evaluating and reaching a decision on the Claim of Lee Dobish resulting in the Award you rendered on 4 June 2010, not including the documentary exhibits offered and received into evidence at said Arbitration.
> 2. Copies of all notes, memoranda and any form of record or information, formal or informal, created by you or at your direction at any time during the Arbitration or your deliberations prior to your rendering of the Award.

**See** Filing No. 17-1 Proposed Subpoena p. 4.

On May 24, 2011, the defendant served written objections on the plaintiff regarding the proposed subpoena. **See** Filing No. 18 - Notice of Service. The parties engaged in sufficient attempts to resolve their dispute without court involvement, in compliance with the federal and local rule requirements. **See** Fed. R. Civ. P. 37; NECivR 7.0.1. The plaintiff filed the instant motion on June 22, 2011, seeking an order granting him permission, over the defendant's objections, to serve the proposed subpoena. **See** Filing No. 19 - Motion. The defendant opposes issuance of the subpoena for four reasons: 1) the request is overly broad, 2) public policy shields an arbitrator's thought processes, 3) an

arbitrator's notes cannot substitute for a formal record, and 4) the arbitrator's notes are immaterial to the outcome of this action. **See** Filing No. 25 - Brief.

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents . . ." Fed. R. Civ. P. 26(b)(1). "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011) (**quoting** Fed. R. Civ. P. 26(b)(1)). However, "[t]he District Court does have discretion to limit the scope of discovery." *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998). To determine if a matter is discoverable, the analysis requires the court to first determine whether the sought discovery is relevant to a claim. If a matter is relevant, the court must determine if the matter is subject to a privilege precluding discovery, or if the court should otherwise use its discretion to limit discovery on the matter.

**A.    Relevance**

Generally, relevant evidence includes "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). "Determinations of relevance in discovery rulings are left to the sound discretion of the trial court and will not be reversed absent an abuse of discretion." *Hayden v. Bracy*, 744 F.2d 1338, 1342 (8th Cir. 1984).

A party's discovery request may be excessively broad particularly when other relevant evidence is available and the party refuses to narrow the scope of an overly broad request. *WWP, Inc.*, 628 F.3d at 1039. In any event,

> a request may be overly broad on its face if it is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope. A request seeking documents "pertaining to" or "concerning" a broad range of items "requires the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request. When, however, the omnibus phrase modifies a sufficiently specific type of information, document, or event, rather than large or general categories of information or documents, the request will not be deemed overly broad on its face.

*Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 625 (D. Kan. 2005).

In this matter, the plaintiff suggests only a subset of the documents requested are actually relevant. In the plaintiff's motion, he states he only seeks documents "evincing a record of Defendant's waiver of one of two defenses contained in its original denials of coverage for Plaintiff's crop loss." **See** Filing No. 21 - Brief p. 1. Consistent with such narrowing of the requests, the court finds all other documents, notes, records, etc., sought in the plaintiff's subpoena render the requests overly broad. Further, the plaintiff has failed to show or argue that any other materials are relevant. Accordingly, to the extent the plaintiff's proposed subpoena seeks evidence other than documents "evincing a record of Defendant's waiver of one of two defenses," the plaintiff's motion is denied.

The plaintiff meets his burden of showing documents "evincing a record of Defendant's waiver of one of two defenses" are relevant to this case and, more specifically to the plaintiff's claims stated in the complaint and the defendant's current defenses. The information sought may support (or contradict) the plaintiff's claim alleging the defendant abandoned or waived a particular defense during the arbitration proceeding. Finding the information sought is relevant, the court now turns to the defendant's other objections. At this time, the court need not decide the materiality or the admissibility of any discovery

produced by the arbitrator. Accordingly, the only remaining issue is the extent to which public policy curtails the relevant discovery sought.

**B.     Public Policy**

"The authorities generally hold that the testimony of an arbitrator tending to impeach the award is incompetent and should be rejected." *Gramling v. Food Mach. & Chem. Corp.*, 151 F. Supp. 853, 860 (D. S.C. 1957) (listing cases); **see** *Rubens v. Mason*, 387 F.3d 183, 191 (2d Cir. 2004) (noting testimony revealing the deliberative thought processes of judges, juries or arbitrators is inadmissible). The *Gramling* court reasoned: "The deliberations of an arbitration board are as much a part of the judicial process as the deliberations of a jury and should be as zealously protected." *Id.* Further, "the same considerations of public policy are equally applicable to the impeachment of an arbitrator's award; for arbitrators, like jurors, must have 'private, frank and free' discussions of the issues involved." *Id.* Accordingly,

> As in proceedings for enforcement of awards, the award is admissible and is the best evidence of matters purportedly determined by it; it cannot be altered by parol, nor is parol evidence admissible to prove an understanding or meaning of the arbitrators, different from that warranted by the terms of the award.

*Id.* at 861 (**quoting** 3 Am. Jur. Arbitration & Award § 178 (1936)).

Generally, "the public interest in maintaining the perceived and actual impartiality of federal mediators does outweigh the benefits derivable from [an arbitrator's] testimony." *N.L.R.B. v. Joseph Macaluso, Inc.*, 618 F.2d 51, 54 (9th Cir. 1980) (noting "[t]his public interest was clearly stated by Congress when it created the [Federal Mediation and Conciliation Service]" which mediates labor disputes). "However, [an arbitrator] is competent to testify concerning what matters were submitted for decision and considered by the arbitrators." *Grudem Bros. Co. v. Great Western Piping Corp.*, 213 N.W.2d 920, 924 (Minn. 1974) (listing cases including *Grambling*) (adding "an arbitrator is not permitted to testify as to a mistake in the award which causes an unintended result"); **see also** 5 Am. Jur. 2d Arbitration & Award § 187 (1962). Additionally, some courts allow discovery or

testimony from an arbitrator regarding "objective facts concerning the conduct of the . . . process." *Int'l Assoc. of Machinists & Aerospace Workers v. Nat'l Mediation Bd.*, 425 F.2d 527, 540 (D.C. Cir. 1970) (noting allowing more raises a "concern, that inquiry by courts as to the reasoning process of the Mediation Board in regard to maintenance of mediation is destructive of the mediation process in general, including future cases not yet born"); **see** *Local P-9, United Food & Commercial Workers Int'l Union, AFL-CIO v. George A. Hormel & Co.*, 776 F.2d 1393, 1395-96 (8th Cir. 1985) (holding portion of arbitrator's post-award affidavit should have been admitted as evidence).

Under the circumstances of this case, the court finds the relevance of the documents sought combined with the objective and limited nature of the facts sought to prove outweighs the public interest in protecting the arbitrator's documents from disclosure. However, due to the potential for production of irrelevant, sensitive, and private materials, the court will require production be delivered to the Clerk of Court for the undersigned magistrate judge's review in camera, rather than production to the parties. Such limitation will adequately protect the interests of the parties, the arbitrator, and the arbitration process. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's motion seeking permission to issue a subpoena to a non-party arbitrator (Filing No. 19) is granted to the extent that the plaintiff may serve a subpoena on the arbitrator for documents limited to the issues of whether the defendant withdrew its denial of the plaintiff's insurance claim based on the premise that the amount of crop loss suffered could not be determined and the defendant accepted the amount of loss reported by the plaintiff as contained in the Claim Information and Deferral Form as to each of the plaintiff's farm parcels and would not be contesting that matter in the Arbitration. The plaintiff's motion is denied in all other respects.

2. The plaintiff may issue a subpoena for documents from Dr. Schwartzbeck and the AAA limited to the issues of whether the defendant withdrew its denial of the plaintiff's insurance claim based on the premise that the amount of crop loss suffered could not be determined and the defendant accepted the amount of loss reported by the plaintiff

as contained in the Claim Information and Deferral Form as to each of the plaintiff's farm parcels and would not be contesting that matter in the Arbitration. Since it is argued that such a concession was referenced at various times during the arbitration, the notes in their entirety shall be produced. The subpoena shall direct Dr. Schwartzbeck to mail or deliver a copy of such notes, marked "For In Camera Review" with the above caption and case number, to the Clerk of Court at the Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Suite 2271, Omaha, Nebraska, 68102.

DATED this 2nd day of August, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.