IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEE DOBISH, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV41 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RAIN AND HAIL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court related to the plaintiff's motion seeking permission to issue a subpoena to a non-party arbitrator (Filing No. 19). On August 2, 2011, the court granted the plaintiff's motion, in part, to the extent the plaintiff was authorized to serve a subpoena on the arbitrator for documents limited to the issues of whether the defendant withdrew its denial of the plaintiff's insurance claim based on the premise that the amount of crop loss suffered could not be determined and the defendant accepted the amount of loss reported by the plaintiff as contained in the Claim Information and Deferral Form as to each of the plaintiff's farm parcels and would not be contesting that matter in the Arbitration. **See** Filing No. 27. On August 9, 2011, the plaintiff issued a subpoena to Richard Schwartsbeck seeking: "The entirety of your notes made or created during the course of the referenced Arbitration, specifically including and not limited to the opening statements and remarks of counsel regarding stipulations relating to the issues subject to the arbitration." **See** Filing No. 28.

    On September 12, 2011, the court received production of the responsive documents, which were filed with the court under seal. **See** Filing No. 29. The court has reviewed the documents. The documents comprise the parties' submissions to the arbitrator with periodic handwritten notes written directly on the documents and exhibits. The documents appear to be the originals. There are no separate handwritten notes independent of those written on the documents submitted by the parties. None of the documents reference the issues for arbitration other than the documents, in the nature of opening briefs, provided by the parties. The arbitrator made no reference in any of his personal notations to a stipulation by the parties narrowing the issues or any concession

by the defendant with regard to the amount of loss. Under these circumstances and for the reasons stated in the court's August 2, 2011, order, the documents produced by the arbitrator in response to the plaintiff's subpoena are not relevant to "evinc[e] a record of Defendant's waiver of one of two defenses." However, the documents remain subject to a public policy curtailing exposure of the arbitrator's thought processes. Accordingly, the documents produced shall remain a sealed part of the record, without production to the parties in this case. Upon consideration,

**IT IS ORDERED:**

1. The Clerk of Court shall return the original documents produced by Richard Schwartsbeck, in response to the plaintiff's subpoena, to the address provided on the envelope.

2. The Clerk of Court shall maintain the electronic version of the documents under seal, accessible only to the court, pursuant to NECivR 7.5.

3. The court will hold a telephone conference on **October 14, 2011, at 11:00 a.m.** for the purpose of reviewing the preparation of the case to date and scheduling the case to trial. Plaintiff's counsel shall initiate the conference with the undersigned magistrate judge and participating counsel.

DATED this 26th day of September, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge