IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEE DOBISH, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV41 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RAIN AND HAIL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's motion for leave to depose an arbitrator (Filing No. 31) and motion to amend the complaint (Filing No. 34). The plaintiff filed a brief (Filing No. 32) and an index of evidence (Filing No. 33) in support of the motion to depose an arbitrator. The plaintiff also filed a draft of the proposed amended complaint (Filing No. 35). The defendant filed briefs (Filing Nos. 37 and 38) in opposition to the motions. The plaintiff did not file any reply.

## BACKGROUND

This case arises as an appeal of an arbitration decision regarding the defendant's denial of the plaintiff's insurance claim. **See** Filing No. 1 - Complaint. The plaintiff purchased farm crop insurance for the crop year 2007 from the defendant. *Id.* ¶ 4. The plaintiff alleges he raised corn grain crops on several farms insured by the defendant, however several of the crops sustained losses due to wind damage in the fall of 2007. *Id.* ¶ 5. The plaintiff submitted a loss claim, which the defendant investigated and denied. *Id.* ¶¶ 6-7. The defendant's denial, dated January 21, 2008, is based upon the defendant's determination that the plaintiff did not have an insurable interest in the subject damaged crop. *Id.* ¶ 7; **see** Filing No. 20-3 Jan. 21, 2008, Letter. Upon review, the defendant again denied the plaintiff's insurance claim stating, the plaintiff "did not prove the production loss to the satisfaction of Defendant 'through records that are acceptable to us and, consequently, the claim must be denied on that basis as well.'" **See** Filing No. 1 - Complaint ¶ 8 (**quoting** Filing No. 20-4 May 6, 2008, Letter). On January 21, 2009, the

plaintiff filed a demand for arbitration of the claim dispute under the terms of the insurance contract.  See Filing No. 1 - Complaint ¶ 9.  On June 4, 2010, an arbitrator, Richard A. Schwartzbeck, Ph.D., with the American Arbitration Association (AAA), issued an award determining the plaintiff was not entitled to any insurance indemnity on the crop claim.  *Id.* ¶ 11; **see** Filing No. 20-5 Award of Arbitrator.

In the complaint, the plaintiff alleges that during the arbitration proceeding:

> Counsel for the Defendant withdrew its denial of Plaintiff's claim based on its previously asserted premise that the amount of crop loss suffered by the Plaintiff could not be determined and stated to the Arbitrator and Plaintiff that the Defendant accepted the amount of loss reported by Plaintiff and contained in the Claim Information and Deferral Form as to each of Plaintiff's farm parcels and would not be contesting that matter in the Arbitration.  Said Counsel for the Defendant reiterated the stipulation that the amount of Plaintiff's loss was not in dispute during the arbitration when said counsel was cross-examining Plaintiff's witness Mark Dobish stating that the insurer was not contesting the amount of crop loss.

See Filing No. 1 - Complaint ¶ 12.

Despite the alleged stipulation, the plaintiff alleges that the arbitration award:

> was premised in part on the Arbitrator finding that the amount of loss could not be determined, notwithstanding that such amounts were stipulated to by both parties and found in a complete and uncontested documentary report, the Claim Information and Deferral Form, filed with Defendant and entered into evidence at the arbitration.

See Filing No. 1 - Complaint ¶ 16.

Accordingly, the plaintiff argues the arbitrator's decision is contrary to law because the award was premised on a finding inconsistent with the parties' stipulation about the amount of loss.  *Id.*  On this basis, the plaintiff contends he was denied a fair and lawful hearing on his claim in violation of the Federal Arbitration Act.  *Id.*  Generally, the plaintiff argues he is entitled to have the arbitrator's award vacated under 9 U.S.C. § 10(a)(3) or (4) for the reasons that the "award was procured by . . . undue means", "there was evident partiality or corruption in the arbitrator[ ]", and/or the "arbitrator[ ] [was] guilty of . . . misbehavior by which the rights of [the plaintiff] have been prejudiced."  *Id.* ¶ 19.  More

specifically, the plaintiff alleges the "Arbitrator initially erred when he failed to rely on the crop loss data submitted by Plaintiff, *and admitted by Defendant*, and received in evidence by the Arbitrator finding that he could not determine the amount of loss suffered by Plaintiff." *Id.* ¶ 20 (emphasis added). The defendant denies it entered into the stipulation suggested by the plaintiff and argues it "continued to maintain that production verification remained an issue in the arbitration." **See** Filing No. 7 - Answer ¶ 12.

On June 22, 2011, the plaintiff filed a motion requesting leave to subpoena the arbitrator's records to determine if the records contained evidence supporting his contention that the defendant waived one of its defenses. **See** Filing No. 21 - Brief p. 1. On August 2, 2011, the court granted the plaintiff's motion, in part, to the extent the plaintiff was authorized to serve a subpoena on the arbitrator for documents limited to the issues of whether the defendant withdrew its denial of the plaintiff's insurance claim based on the premise that the amount of crop loss suffered could not be determined and the defendant accepted the amount of loss reported by the plaintiff as contained in the Claim Information and Deferral Form as to each of the plaintiff's farm parcels and would not be contesting that matter in the Arbitration. **See** Filing No. 27.

On August 9, 2011, the plaintiff issued a subpoena to Richard "Schwartsbeck" seeking: "The entirety of your notes made or created during the course of the referenced Arbitration, specifically including and not limited to the opening statements and remarks of counsel regarding stipulations relating to the issues subject to the arbitration." **See** Filing No. 28. On September 12, 2011, the court received production of the responsive documents, which were filed with the court under seal. **See** Filing No. 29. The court reviewed the documents and determined the documents produced shall remain a sealed part of the record, without production to the parties in this case. **See** Filing No. 30. The documents were comprised of the parties' submissions to the arbitrator with notes periodically handwritten directly on the documents and exhibits. There were no separate notes independent of those handwritten on the documents submitted by the parties. None of the documents referenced the issues for arbitration other than the documents, in the nature of opening briefs, provided by the parties. The arbitrator made no reference in any of his personal notations about a stipulation by the parties narrowing the issues or any

concession by the defendant with regard to the amount of loss. The court found the arbitrator's documents were not relevant to "evinc[e] a record of Defendant's waiver of one of two defenses."

On October 7, 2011, the plaintiff filed the instant motion for leave to depose the arbitrator. **See** Filing No. 31. The plaintiff argues, that because the arbitrator had no notes regarding a stipulation between the parties about the issues for arbitration, the plaintiff is entitled to depose the arbitrator to determine if he "has any recollection of the issues that were submitted on such stipulation of the parties, and whether said Arbitrator's decision was made without consideration of the issues the parties actually agreed to submit." *Id.* The plaintiff contends the deposition is necessary to discover "what issues and evidence [the arbitrator] considered in reaching an award" and "whether such Arbitrator acted within the scope of his authority, committed an error of law or gross negligence or error, or misbehavior." **See** Filing No. 32 - Brief p. 1. The plaintiff states he does not intend to challenge the manner in which the arbitrator weighed the evidence, merely whether he knew of, understood, and applied the parties' stipulation. *Id.* at 2.

The defendant opposes the plaintiff's motion to depose the arbitrator. **See** Filing No. 37 - Response. The defendant argues the plaintiff's stated reasons for the deposition are only a thinly veiled attempt to challenge the arbitrator's decision on the merits, which is legally impermissible. *Id.* at 5-6. Moreover, the defendant argues the plaintiff should not be allowed to depose the arbitrator based on bald, unsubstantiated allegations because the defendant asserts the parties did not enter into the stipulation alleged by the plaintiff. *Id.* at 10. As evidence the stipulation did not exist, the defendant quotes the defendant's written closing argument from the arbitration proceeding, which suggests the plaintiff's crop production was still at issue before the arbitrator. *Id.* at 10-11. The plaintiff did not challenge the defendant's statements about whether the crop production was at issue prior to the arbitrator's decision. *Id.* at 11, 13. The defendant contends the plaintiff's request to depose the arbitrator is unfair under the circumstances where the plaintiff did not timely bring the alleged misunderstanding to the arbitrator's attention, the plaintiff did not request a stenographic recording of the arbitration, and the arbitrator's notes contain no mention of the stipulation. *Id.* at 13. Finally, the defendant argues that because of the time which

has elapsed since the arbitration, the arbitrator's current memory about the alleged stipulation does not necessarily bear on how the arbitrator determined the award. *Id.* In the alternative, the defendant asks the court to delay ruling on whether the arbitrator should be deposed until after the court resolves the defendant's yet-to-be-filed motion for summary judgment, which may render the discovery request moot. *Id.* at 12-13.

In a related motion, the plaintiff seeks to amend the complaint to add a claim based on the arbitrator's alleged failure to apply the party's stipulation such that the arbitrator was incompetent for failing to apprise himself of the actual issues before him or he decided issues that had been removed from his jurisdiction. See Filing No. 34 - Motion. The defendant opposes the amendment arguing the plaintiff failed to follow procedural requirements when filing the motion. See Filing No. 38 - Brief p. 3-4. Additionally, the defendant argues the plaintiff failed to show good cause for filing the untimely motion for amendment and the proposed amendment is futile. *Id.* at 4.

## ANALYSIS

### A.   Deposition

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents . . ." Fed. R. Civ. P. 26(b)(1). "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011) (**quoting** Fed. R. Civ. P. 26(b)(1)). However, "[t]he District Court does have discretion to limit the scope of discovery." *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998). To determine if a matter is discoverable, the analysis requires the court to first determine whether the sought discovery is relevant to a claim. If a matter is relevant, the court must determine if the matter is subject to a privilege precluding discovery, or if the court should otherwise use its discretion to limit discovery on the matter.

The court previously determined the plaintiff met his burden of showing documents "evincing a record of Defendant's waiver of one of two defenses" are relevant to this case and, more specifically to the plaintiff's claims stated in the complaint and the defendant's current defenses. The information sought may support (or contradict) the plaintiff's claim alleging the defendant abandoned or waived a particular defense during the arbitration proceeding. Similarly, the court already determined the relevance of the documents sought combined with the objective and limited nature of the facts sought to prove outweighed the public interest in protecting the arbitrator's documents from disclosure. Due to the potential for production of irrelevant, sensitive, and private materials, the court required production of the documents for review in camera. The documents did not yield the discovery sought by the plaintiff, prompting the plaintiff to seek the information by another means. The court is leery of allowing the plaintiff to conduct a standard deposition of the arbitrator due to the potential for exceeding the very limited grounds upon which the discovery inquiry may be granted. Accordingly, the court will grant the plaintiff leave to depose the arbitrator by written interrogatory. Such limitation will adequately protect the interests of the parties, the arbitrator, and the arbitration process.

**B.     Motion to Amend**

Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires." However, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation and citation omitted). The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial. *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001); **see** *Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006). There is no absolute right to amend. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). However, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." *Gamma-10 Plastics, Inc.*

6

*v. Am. President Lines,* 32 F.3d 1244, 1255 (8th Cir. 1994) (quotations and citations omitted). Further, "likelihood of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous" "or legally insufficient on its face." *Becker v. Univ. of Neb.,* 191 F.3d 904, 908 (8th Cir. 1999); *Sokolski v. Trans Union Corp.,* 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (citation omitted). "The party opposing such amendment ha[s] the burden of establishing that leave to amend would be . . . futile." *Sokolski*, 178 F.R.D. at 396 (citations omitted). "If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Id.* (**citing** Fed. R. Civ. P. 16(b)). Additionally, the court may consider whether the "late tendered amendments involve new theories of recovery and impose additional discovery requirements." *Id.*

The court finds the plaintiff has shown good cause for filing the motion to amend beyond the deadline imposed by the court. Although the plaintiff's deadline was July 1, 2011, good cause exists for the timing of the plaintiff's October 8, 2011, motion to amend. **See** Filing No. 12 - Scheduling Order. The plaintiff has diligently sought discovery related to the current issue. The plaintiff brought the motion to amend shortly after the court issued a ruling on matters bearing on the proposed amendment. Under the circumstances, the timing of the plaintiff's motion does not indicate he engaged in undue delay.

The defendant failed to sustain the burden of showing unfair prejudice. The parties will have ample time to complete any necessary discovery or file any relevant dispositive motions as such deadlines have not expired. In any event, the defendant fails to show any discovery obligations or other deadlines would be materially impacted by adding the proposed claim. The defendant has not yet filed a motion for summary judgment and any future motion could easily encompass the plaintiff's proposed amendment. This is particularly true because the facts involving the proposed claim remain intertwined with the plaintiff's existing claims against the current defendant such that justice requires that the issues be resolved together in a single action. In fact, the issue raised in the proposed claim is arguably already part of the existing claims. The court will not determine the merits of the plaintiff's claim at this time, however the defendant failed to show the claim is legally futile. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's motion for leave to depose an arbitrator (Filing No. 31) is granted as set forth below.

   a. The plaintiff may depose Arbitrator Richard A. Schwartzbeck, Ph.D., by written interrogatories limited to the issues of whether the defendant (i) withdrew its denial of the plaintiff's insurance claim based on the premise that the amount of crop loss suffered could not be determined and (ii) accepted the amount of loss reported by the plaintiff as contained in the Claim Information and Deferral Form as to each of the plaintiff's farm parcels and would not be contesting that matter in the Arbitration.

   b. The plaintiff may serve no more than five written interrogatories after agreement by the defendant as to the content and language of the interrogatories. If the parties are unable to agree to the specific language of the interrogatories, the plaintiff may file a motion to compel in accordance with NECivR 7.0.1. The court will resolve the parties' differences with respect to the language of the interrogatories after time has elapsed for briefing under the rule.

2. The plaintiff's motion to amend the complaint (Filing No. 34) is granted.

3. The plaintiff shall have to **on or before November 10, 2011**, to file the amended complaint.

4. The court will hold a telephone conference **on November 28, 2011, at 10:00 a.m. C.S.T.**, for the purpose of reviewing the preparation of the case to date and scheduling the case to trial. Plaintiff's counsel shall initiate the conference with the undersigned magistrate judge and participating counsel.

   DATED this 4th day of November, 2011.

   BY THE COURT:

   s/ Thomas D. Thalken
   United States Magistrate Judge