IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEE DOBISH, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV41 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RAIN AND HAIL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's Motion to Compel Deposition by Written Questions (Filing No. 42). The plaintiff filed four proposed questions with an attachment to accompany the interrogatories (Filing No. 42-1). The defendant opposes the plaintiff's motion due to the content of three of the proposed questions and the plaintiff's failure to comply with the local rules. The defendant filed a brief (Filing No. 47) and an index of evidence (Filing No. 48). The plaintiff did not file a reply.

## BACKGROUND

This case arises as an appeal of an arbitration decision regarding the defendant's denial of the plaintiff's insurance claim. **See** Filing No. 1 - Complaint. The plaintiff purchased farm crop insurance for the crop year 2007 from the defendant. *Id.* ¶ 4. The plaintiff alleges he raised corn grain crops on several farms insured by the defendant, however several of the crops sustained losses due to wind damage in the fall of 2007. *Id.* ¶ 5. The plaintiff submitted a loss claim, which the defendant investigated and denied. *Id.* ¶¶ 6-7. The defendant's denial, dated January 21, 2008, is based upon the defendant's determination that the plaintiff did not have an insurable interest in the subject damaged crop. *Id.* ¶ 7; **see** Filing No. 20-3 Jan. 21, 2008, Letter. Upon review, the defendant again denied the plaintiff's insurance claim stating, the plaintiff "did not prove the production loss to the satisfaction of Defendant 'through records that are acceptable to us and, consequently, the claim must be denied on that basis as well.'" **See** Filing No. 1 - Complaint ¶ 8 (**quoting** Filing No. 20-4 May 6, 2008, Letter). On January 21, 2009, the

plaintiff filed a demand for arbitration of the claim dispute under the terms of the insurance contract. See Filing No. 1 - Complaint ¶ 9. On June 4, 2010, an arbitrator, Richard A. Schwartzbeck, Ph.D., with the American Arbitration Association (AAA), issued an award determining the plaintiff was not entitled to any insurance indemnity on the crop claim. *Id.* ¶ 11; see Filing No. 20-5 Award of Arbitrator.

In the complaint, the plaintiff alleges that during the arbitration proceeding:

> Counsel for the Defendant withdrew its denial of Plaintiff's claim based on its previously asserted premise that the amount of crop loss suffered by the Plaintiff could not be determined and stated to the Arbitrator and Plaintiff that the Defendant accepted the amount of loss reported by Plaintiff and contained in the Claim Information and Deferral Form as to each of Plaintiff's farm parcels and would not be contesting that matter in the Arbitration. Said Counsel for the Defendant reiterated the stipulation that the amount of Plaintiff's loss was not in dispute during the arbitration when said counsel was cross-examining Plaintiff's witness Mark Dobish stating that the insurer was not contesting the amount of crop loss.

See Filing No. 1 - Complaint ¶ 12.

Despite the alleged stipulation, the plaintiff alleges that the arbitration award:

> was premised in part on the Arbitrator finding that the amount of loss could not be determined, notwithstanding that such amounts were stipulated to by both parties and found in a complete and uncontested documentary report, the Claim Information and Deferral Form, filed with Defendant and entered into evidence at the arbitration.

*Id.* ¶ 16.

Accordingly, the plaintiff argues the arbitrator's decision is contrary to law because the award was premised on a finding inconsistent with the parties' stipulation about the amount of loss. *Id.* On this basis, the plaintiff contends he was denied a fair and lawful hearing on his claim in violation of the Federal Arbitration Act. *Id.* Generally, the plaintiff argues he is entitled to have the arbitrator's award vacated under 9 U.S.C. § 10(a) for the reasons that the "award was procured by . . . undue means", "there was evident partiality or corruption in the arbitrator[ ]", and/or the "arbitrator[ ] [was] guilty of . . . misbehavior by

2

which the rights of [the plaintiff] have been prejudiced." *Id.* ¶ 19 (page 4).[1]  More specifically, the plaintiff alleges the "Arbitrator initially erred when he failed to rely on the crop loss data submitted by Plaintiff, ***and admitted by Defendant***, and received in evidence by the Arbitrator finding that he could not determine the amount of loss suffered by Plaintiff." *Id.* ¶ 20 (emphasis added).  On November 10, 2011, the plaintiff filed an amended complaint upon leave of court.  **See** Filing No. 40.  While the amended complaint does not change the substance of the plaintiff's allegations, the amended complaint separately alleges the arbitrator exceeded his power when he did not follow the parties' stipulation with regard to the arbitrable claims.  *Id.* ¶ 19 (page 4).  The defendant denies it entered into the stipulation suggested by the plaintiff and argues it "continued to maintain that production verification remained an issue in the arbitration."  **See** Filing No. 41 - Answer ¶ 12.

On June 22, 2011, the plaintiff filed a motion requesting leave to subpoena the arbitrator's records to determine if the records contained evidence supporting the plaintiff's contention that the defendant waived one of its defenses.  **See** Filing No. 21 - Brief p. 1.  On August 2, 2011, the court granted the plaintiff's motion, in part.  **See** Filing No. 27.  The court authorized the plaintiff to serve a subpoena on the arbitrator for documents limited to the issues of whether the defendant (1) withdrew its denial of the plaintiff's insurance claim based on the premise that the amount of crop loss suffered could not be determined and (2) accepted the amount of loss reported by the plaintiff as contained in the Claim Information and Deferral Form as to each of the plaintiff's farm parcels and would not be contesting that matter during the Arbitration.  *Id.*

On August 9, 2011, the plaintiff issued a subpoena to Richard "Schwartsbeck" seeking:  "The entirety of your notes made or created during the course of the referenced Arbitration, specifically including and not limited to the opening statements and remarks of counsel regarding stipulations relating to the issues subject to the arbitration."  **See** Filing No. 28.  On September 12, 2011, the court received production of the responsive documents, which were filed with the court under seal.  **See** Filing No. 29.  The court

---

[1] The complaint also contains an unrelated paragraph 19 on page five in the second cause of action.

reviewed the documents and determined the documents produced shall remain a sealed part of the record, without production to the parties in this case. **See** Filing No. 30. The documents were comprised of the parties' submissions to the arbitrator with notes periodically handwritten directly on the documents and exhibits. There were no separate notes independent of those handwritten on the documents submitted by the parties. None of the documents referenced the issues for arbitration other than the documents, in the nature of opening briefs, provided by the parties. The arbitrator made no reference in any of his personal notations about a stipulation by the parties narrowing the issues or any concession by the defendant with regard to the amount of loss. The court found the arbitrator's documents were not relevant to "evinc[e] a record of Defendant's waiver of one of two defenses." *Id.*

On October 7, 2011, the plaintiff filed a motion for leave to depose the arbitrator. **See** Filing No. 31. The plaintiff argued, that because the arbitrator had no notes regarding a stipulation between the parties about the issues for arbitration, he was entitled to depose the arbitrator to determine if he "has any recollection of the issues that were submitted on such stipulation of the parties, and whether said Arbitrator's decision was made without consideration of the issues the parties actually agreed to submit." *Id.* The plaintiff further argued a deposition is necessary to discover "what issues and evidence [the arbitrator] considered in reaching an award" and "whether such Arbitrator acted within the scope of his authority, committed an error of law or gross negligence or error, or misbehavior." **See** Filing No. 32 - Brief p. 1. The plaintiff stated he does not intend to challenge the manner in which the arbitrator weighed the evidence, merely whether he knew of, understood, and applied the parties' stipulation. *Id.* at 2. The defendant opposed the plaintiff's motion to depose the arbitrator. **See** Filing No. 37 - Response.

On November 4, 2011, the court granted the plaintiff's motion for leave to depose the arbitrator, in part. **See** Filing No. 39. The court authorized the plaintiff to depose the arbitrator with a limited number of interrogatories. *Id.* at 8. The court required the plaintiff to confer with opposing counsel prior to seeking court approval of the questions. *Id.* Finally, the court limited the content of any questions as follows:

> [W]hether the defendant (i) withdrew its denial of the plaintiff's insurance claim based on the premise that the amount of crop loss suffered could not be determined and (ii) accepted the amount of loss reported by the plaintiff as contained in the Claim Information and Deferral Form as to each of the plaintiff's farm parcels and would not be contesting that matter in the Arbitration.

*Id.*

On November 9, 2011, the plaintiff sent four proposed questions to the defendant for review. **See** Filing No. 48 - Ex. 1(A). On November 17, 2011, the defendant's counsel responded with specific and detailed objections to three of the questions and a proposal to change one of those three questions. *Id.* Ex. 1(B). On November 23, 2011, the plaintiff's counsel replied by stating, "In reviewing the order of the Court and considering the issues the Court appears to agree are before it, I see no reason to make any changes to the deposition questions." *Id.* Ex. 1(C). On November 27, 2011, the plaintiff filed the instant motion seeking court approval of the four proposed questions, which are:

> 1. If you made any written record of the stipulations related to you by respective counsel for the parties herein at the beginning or during the course of the Arbitration on April 20, 2010 involving the above-identified parties, identify the custodian thereof and state the nature of such record with sufficient specificity as to enable the undersigned to obtain the same by discovery.
> 2. State the specific facts of each stipulation to which the parties stipulated at the beginning and at any time during the course of the Arbitration on April 20, 2010.
> 3. If you resolved any issues presented by the pleading in the Arbitration as a result of the stipulations referred to in Interrogatories 1 and 2 above, identity each such issue and state the decision you reached with respect to each such issue.
> 4. Attached as Attachment A and made a part of these interrogatories is a copy of an exhibit made a part of the record of the Arbitration. State whether such Attachment A was received during the Arbitration without objection. If any objection to Attachment A was made, state the full substance of the objection.

**See** Filing No. 42-1.

The defendant does not oppose the first question. **See** Filing No. 47 - Response p. 3. The defendant contends the plaintiff's remaining proposed questions exceed the narrow scope allowed by the court's order. *Id.* at 5. The defendant proposes a change in the wording for the second question as follows:

> State what you understood to be the facts of any stipulation by the parties with respect to (1) whether Rain and Hail was waiving its denial based on the premise that the amount of crop loss suffered could not be determined, or (2) whether Rain and Hail was waiving its right to contest the amount of Plaintiff's loss in the Arbitration.

*Id.* at 8. In addition, the defendant argues the plaintiff abandoned the motion for failure to file a brief in support his position on the issues. *Id.* at 4-5. The defendant contends the plaintiff's failure to provide a brief in this instance is problematic because the defendant is unable to respond to the plaintiff's position on the substantive content of the proposed questions. *Id.* at 5. The plaintiff did not respond to the defendant's arguments.

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents . . ." Fed. R. Civ. P. 26(b)(1). "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011) (**quoting** Fed. R. Civ. P. 26(b)(1)). However, "[t]he District Court does have discretion to limit the scope of discovery." *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998). To determine if a matter is discoverable, the analysis requires the court to first determine whether the sought discovery is relevant to a claim. If a matter is relevant, the court must determine if the matter is subject to a privilege precluding discovery, or if the court should otherwise use its discretion to limit discovery on the matter.

The court previously determined the plaintiff met his burden of showing documents "evincing a record of Defendant's waiver of one of two defenses" are relevant to this case and, more specifically to the plaintiff's claims stated in the complaint and the defendant's current defenses. The information sought may support (or contradict) the plaintiff's claim alleging the defendant abandoned or waived a particular defense during the arbitration proceeding. Similarly, the court previously determined a portion of the information sought by the plaintiff (specific limited objective facts) was relevant to his allegations and outweighed the public interest in protecting the arbitrator's information from disclosure. Due to the potential for production of irrelevant, sensitive, and private materials, the court required production of the arbitrator's documents for review *in camera*. The documents did not yield the discovery sought by the plaintiff, prompting the plaintiff to seek the information by another means. Because of the court's concern that a standard deposition of the arbitrator could potentially exceed the very limited grounds upon which the discovery inquiry was granted, the court allowed the plaintiff leave to depose the arbitrator by written interrogatory. The court narrowly limited the topics for interrogatory to protect the interests of the parties, the arbitrator, and the arbitration process.

The plaintiff fails to provide any factual or legal support for proposed questions three and four. The questions are not consistent with the limitations set forth in the court's November 4, 2011, order. Further, the plaintiff fails to explain how such questions may be relevant to determine whether, during the arbitration, the defendant explicitly waived of one of two defenses. Although the plaintiff failed to file a brief or an index of evidence in accordance with NECivR 7.0.1, the court finds the record is sufficient to determine the merits of the plaintiff's motion. The defendant had no objection to the plaintiff's first proposed question and redrafted the second question to be consistent with the court's November 4, 2011, order. Accordingly, the court will allow the plaintiff to depose the arbitrator by interrogatory using the plaintiff's first proposed question and the defendant's redraft of the second proposed question. Upon consideration,

**IT IS ORDERED:**

The plaintiff's Motion to Compel Deposition by Written Questions (Filing No. 42) is granted, in part, and denied, in part. The plaintiff may depose Arbitrator Richard A. Schwartzbeck, Ph.D., by written interrogatories limited to the following two questions.

> 1. If you made any written record of the stipulations related to you by respective counsel for the parties herein at the beginning or during the course of the Arbitration on April 20, 2010 involving the above-identified parties, identify the custodian thereof and state the nature of such record with sufficient specificity as to enable the undersigned to obtain the same by discovery.
> 2. State what you understood to be the facts of any stipulation by the parties with respect to (1) whether Rain and Hail was waiving its denial based on the premise that the amount of crop loss suffered could not be determined, or (2) whether Rain and Hail was waiving its right to contest the amount of Plaintiff's loss in the Arbitration.

DATED this 29th day of December, 2011.

BY THE COURT:

s/ Thomas D. Thalken  
United States Magistrate Judge