IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEE DOBISH,<br><br>            Plaintiff,<br><br>    vs.<br><br>RAIN AND HAIL, LLC,<br><br>            Defendant. | 8:11CV41<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the parties' cross-motions for summary judgment, Filing No. 57 and Filing No. 62. This is an action for review of an arbitrator's decision affirming the denial of a claim for federally insured crop insurance. This court has jurisdiction under 7 U.S.C. § 1508.

The plaintiff asks this court to vacate the award and the defendant seeks an order confirming the award. The evidence submitted in connection with the parties' motions shows that defendant Rain and Hail, LLC ("R&H"), sold the plaintiff a policy of crop insurance for the 2007 crop year, in accordance with federal law and the regulations of the Federal Crop Insurance Corporation ("FCIC"). See Filing No. 20, Index of Evid., Attachment 1, Arbitration Exhibit ("Ex.") 5, Crop Insurance Policy – 2007. R&H admitted that it issued a policy in plaintiff's name but denied that the plaintiff farmed in 2007, or that he had an insurable interest in the crop. See Filing No. 69, Defendant's Brief at 2. R&H first denied the claim on January 21, 2008, stating that "[the plaintiff] did not have an insurable share in the 2007 corn crop." Filing No. 20, Index of Evid., Attachment 3 at 3. On May 5, 2008, R&H issued another denial, stating,

"the determination set-forth [sic] in our letter to Lee Dobish dated January 21, 2008 remains unchanged. In addition, it is our determination that Mr. Dobish has not met his burden of proving production by unit through records that are acceptable to us and, consequently, the claim must be denied on that basis as well." *Id.,* Attachment 4 at 6. The denial of the plaintiff's claim was submitted to arbitration.  Filing No. 69, Defendant's Brief at 2.

The arbitration was conducted on April 20 to 21, 2010.  See Filing No. 59, Index of Evid., Ex. 1, Affidavit of Cathy S. Trent-Vilim, Ex. D, Award of Arbitrator at 1.  The arbitrator denied the claim.  *Id.* at 2.  The arbitrator found "Mr. Dobish is not entitled to any insurance indemnity on the subject crop (corn) at issue in this case," finding Dobish had failed to prove "with sufficient verifiable evidence that he had a sufficient beneficial interest in the corn crop, and that his signature on the various documents were his (Lee's) and not someone else signing without a power of attorney." *Id.* at 1.  Further, the arbitrator stated "there were significant discrepancies between the reported verbal and harvested production quantities and appraisals made by Rain and Hail LLC personnel at approximately the same time" and that "alleged loss of harvested production could not be verified as per FCIC regulations." *Id.* at 2.

Evidence was adduced at the arbitration hearing that showed a discrepancy between the amount of production projected in preharvest investigation appraisals and the amount of corn the plaintiff claimed had either been harvested or lost to wind or disease.  Filing No. 59, Ex. 2, Affidavit of Michael Legleiter at 2.  Further, there was

evidence that some sales of corn had not been reported and conflicting explanations for the failure to report. *Id.* at 3.

In his amended complaint, plaintiff asserts the arbitration decision should be set aside for (1) evident partiality, corruption and misconduct by the arbitrator, and (2) because the arbitrator exceeded the scope of his authority. Filing No. 40, Amended Complaint. The plaintiff's allegations of partiality and misconduct relate to the arbitrator's alleged reliance on a defense without notice to the plaintiff. Plaintiff's contention that the arbitrator acted outside his authority is based on the plaintiff's allegation that the arbitrator's decision was contrary to a stipulation by the parties. Plaintiff contends that R&H "stipulated to wavier of its defense that the amount of loss of production was not or could not be determined." Filing No. 63, Plaintiff's Brief at 3. In response, R&H has shown that during the course of the arbitration, it agreed to stipulate "that if the arbitrator found Plaintiff to be the owner of the crop, Rain and Hail would no longer question the difference between the [production harvest investigation] appraisal amount and the amounts harvested by Plaintiff or found lying in the field," but that it had not stipulated to the "veracity of Plaintiff's harvested production records, or concede[d] that the records Plaintiff had tendered in support of his claim evidenced Plaintiff's ownership interest in the crop." Filing No. 59, Index of Evid., Attachment 2, Affidavit of Michael Legleiter ("Legleiter Aff.") at 3.

During the course of this proceeding, the plaintiff subpoenaed certain documents and moved to depose the arbitrator. The magistrate judge conducted an "in camera" review of the arbitration file, and determined that the arbitrator had not recorded in any

of his arbitration notes or memoranda that the defendant had waived of its defense that the crop loss could not be determined. Filing No. 30. The magistrate judge further allowed a deposition on one proposed written question. Filing No. 49. This court overruled the plaintiff's objection to that determination. Filing No. 54. In answer to deposition on written questions, the arbitrator stated: "The arbitrator made no reference in any of the personal notations to a stipulation by the parties narrowing the Issues or any concession by the defendant with regard to the amount of crop loss." Filing No. 64, Attachment 3, Deposition on Written Questions of Richard Schwartzbeck at 3.

## LAW

The FAA provides for judicial review to confirm, vacate, or modify arbitration awards. 9 U.S.C. §§ 9-11; *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). In order to vacate an arbitrator's award, a plaintiff "must clear a high hurdle" and "[i]It is not enough for [a plaintiff] to show that the panel committed an error—or even a serious error." *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*,130 S. Ct. 1758, 1767 (2010). "It is only when [an] arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." *Id.* (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001). Courts "provide 'an extraordinary level of deference' to the underlying arbitration award." *Medicine Shoppe Int'l, Inc. v. Turner Investments, Inc.*, 614 F.3d 485, 488 (8th Cir. 2010) (quoting *Schoch v. InfoUSA, Inc.*, 341 F.3d 785, 788 (8th Cir. 2003)).

4

An arbitrator's broad authority, however, is not unlimited—an arbitrator's decision is subject to limited judicial review. *Medicine Shoppe, Int'l*, 614 F.3d at 488. The FAA authorizes a district court to vacate an arbitration award in four limited circumstances, and in the absence of one of these grounds, the award must be confirmed. *Id.* Specifically, a federal court may vacate an arbitration award: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. *Hall Street*, 552 U.S. at 584; *Medicine Shoppe Intern., Inc. v. Turner Investments, Inc.*, 614 F.3d 485, 488-89 (8th Cir. 2010).

Evident partiality exists "where the non-disclosure at issue 'objectively demonstrate[s] such a degree of partiality that a reasonable person could assume that the arbitrator had improper motives.'" *Williams v. National Football League*, 582 F.3d 863, 885 (8th Cir. 2009) (quoting *Dow Corning Corp. v. Safety Nat'l Cas. Corp.*, 335 F.3d 742, 750 (8th Cir. 2003)). "This is a 'heavy burden'" and the standard is not met by the mere appearance of bias. *Williams*, 582 F.3d at 885 (quoting *Choice Hotels Int'l, Inc. v. SM Prop. Mgmt., LLC*, 519 F.3d 200, 212 (4th Cir. 2008)). Vacatur on the basis of misconduct is necessarily narrow and grants deference to the procedural decisions

made by an arbitrator. *El Dorado Sch. Dist. No. 15 v. Continental Cas. Co.*, 247 F.3d 843, 848 (8th Cir. 2001)).

## DISCUSSION

The record reflects that the arbitrator acted within the scope of his authority. In the absence of an enumerated ground for vacating the arbitrator's decision, the court declines to review the merits of his conclusions. The arbitrator made findings on production records as part of the determination of insurable interest, which both parties agree was an issue for the arbitrator to decide. The parties spent two days in Kearney, Nebraska, arbitrating the plaintiff's crop insurance claim before a mutually-agreed upon arbitrator who had vast experience in crop insurance. After hearing the testimony, examining numerous exhibits, and reviewing the parties' written submissions, the arbitrator found in favor of R&H. The plaintiff has not shown grounds for setting the arbitrator's award aside.

The evidence does not support the plaintiff's contentions that he was not provided adequate notice of the defenses on which the defendant would rely, nor has he shown that the defendant conceded the issue of production. The court's review of the evidence submitted by the parties shows that the arbitrator's decision was based on evidence and testimony received at the hearing. The matters were properly before the arbitrator and the court finds no evidence of partiality, corruption, or misconduct. Accordingly, the court finds the defendant's motion for summary judgment should be affirmed, the plaintiff's motion for summary judgment should be denied, and the

arbitrator's award should be confirmed.  In light of this determination, the plaintiff's claim for attorney fees need not be addressed.

    IT IS ORDERED:

    1.    Plaintiff's motion for summary judgment (Filing No. 62) is denied;

    2.    Defendant's motion for summary judgment (Filing No. 57) is granted;

    3.    The award of the arbitrator entered on June 4, 2010, is confirmed.

    4.    A separate judgment will be entered this date.

DATED this 24th day of August, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.